IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KEYSTONE ASSET MANAGEMENT,      :
INC.,                           :
          Plaintiff,            :    CIVIL ACTION
                                :
     v.                         :    NO. 10-cv-02088
                                :
WEST AMERICAN INSURANCE         :
COMPANY,                        :
          Defendant.            :

## MEMORANDUM OF LAW

**Joyner, J.**                                    **October 21, 2010**

Presently before the Court is Plaintiff's Motion for Partial
Summary Judgment Pursuant to FRCP 56 to Compel an Appraisal to
Determine the Amount of Loss (ECF No. 7) and Defendant's Cross-
Motion for Partial Summary Judgment as to Count I of Plaintiff's
Complaint (ECF No. 10).  For the following reasons, Plaintiff's
Motion shall be denied and Defendant's Cross-Motion shall be
granted.

## I.    FACTUAL BACKGROUND

West American Insurance Company ("Defendant") issued a
commercial property insurance policy to Keystone Asset
Management, Inc. ("Plaintiff"), to insure Plaintiff's business
premises located at 100 West Main Street, Suite 310, Lansdale,
Pennsylvania.  (ECF No. 7, Ex. A at 1.)  Plaintiff occupied the
third, fourth, and fifth floors of the insured building as a
tenant.

The insurance policy issued to Plaintiff contains an

appraisal provision that states:

> If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> > a.  Pay its chosen appraiser; and
> >
> > b.  Bear the other expenses of the appraisal and umpire equally. If there is an appraisal, we will still retain our right to deny the claim.

(ECF No. 10, Ex. A ¶ E(2).)

On Sunday, July 20, 2008, a water pipe leading into a water softener unit burst and flooded the basement of the insured premises. As a result, the entire building lost electrical power and phone service. Plaintiff moved its servers to a temporary location in Wayne, Pennsylvania, and had the servers and website running by 3:00 a.m. on Monday, July 21, 2008. However, Plaintiff did not open for business that day.

Plaintiff remained at the Wayne location for two weeks. However, the location was not large enough to accommodate all of Plaintiff's employees and it did not have adequate bandwidth for Plaintiff's business purposes. Plaintiff then moved to a building in Fort Washington, Pennsylvania, where it stayed until it was able to return to the insured premises on October 5, 2008. Defendant paid Plaintiff $214,739.26 in moving and relocation

expenses.

On April 6, 2009, Plaintiff submitted a claim to Defendant for loss of business income, estimated by Plaintiff at $2,069,633.00. Defendant investigated the claim and conducted Examinations Under Oath of several of Plaintiff's employees. On January 13, 2010, Defendant denied Plaintiff's claim in a letter issued to Plaintiff. The letter clearly stated that "[a]fter careful review, West American is respectfully denying your request for coverage." (ECF No. 10, Ex. C at 1.) The letter also explained that "[t]he information and documentation provided by Keystone indicates that the claim is not covered or otherwise excluded pursuant to the relevant policy of insurance as more fully described below." (Id.) Defendant concluded that Plaintiff's business income loss claim was not covered under the policy because Plaintiff "did not suffer a necessary suspension of its operations or an actual loss of business income as a result of the July 20, 2008 water loss." (Id. at 10.) The letter invited Plaintiff to submit "other information or documentation that might impact our determination . . . ." (Id. at 11.)

On April 27, 2010, Plaintiff filed a complaint in the Court of Common Pleas of Philadelphia County seeking to recover its business income losses pursuant to the contract and alleging bad faith actions by Defendant. Defendant removed the case to this

Court on the basis of diversity jurisdiction.

At issue in the instant motions is Count I of Plaintiff's Complaint, in which Plaintiff demands that the Court order Defendant to appoint an appraiser in accordance with the appraisal clause of the insurance policy. Each party now moves for summary judgment on Count I.

## II.  LEGAL STANDARD

When a party files for summary judgment, "[t]he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c)(2).  In making a summary judgment determination, all inferences must be viewed in the light most favorable to the non-moving party.  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).  In order to survive a motion for summary judgment, however, the non-moving party cannot rely solely on the unsupported allegations found in the pleadings. <u>Id.</u> at 324.  Moreover, when the non-moving party is the plaintiff, she must "make a showing sufficient to establish the existence of [every] element essential to [her] case."  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).  Finally, in making a decision as to whether there is a "genuine" issue of fact, the court must determine "whether a fair-minded jury could return a

4

verdict for the plaintiff on the evidence presented." <u>Anderson</u>
<u>v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252 (1986).

The standard is no different when there are cross-motions
for summary judgment. <u>Lawrence v. City of Philadelphia</u>, 527 F.3d
299, 310 (3d Cir. 2008). Cross-motions for summary judgment

> 'are no more than a claim by each side that it alone is
> entitled to summary judgment, and the making of such
> inherently contradictory claims does not constitute an
> agreement that if one is rejected the other is
> necessarily justified or that the losing party waives
> judicial consideration and determination whether genuine
> issues of material fact exist.'

<u>Lawrence</u>, 527 F.3d at 310 (quoting <u>Rains v. Cascade Indus., Inc.</u>,
402 F.2d 241, 245 (3d Cir. 1968)).

## III. ANALYSIS

Plaintiff argues that, pursuant to the appraisal clause of
the insurance policy and because Plaintiff has named an
appraiser, this Court should compel Defendant to name an
appraiser and participate in the appraisal process to determine
the amount of business loss resulting from the damage to
Plaintiff's business premises. Defendant argues, in opposition
to Plaintiff's motion for partial summary judgment and in support
of its own partial summary judgment motion, that the appraisal
process is not available where the parties' dispute centers on
issues of coverage, rather than the amount of loss. Therefore,
Defendant moves the Court to dismiss Count I of Plaintiff's
Complaint.

"Appraisal clauses in insurance contracts are enforceable and recognized under Pennsylvania law as favored alternate dispute resolution mechanisms." Santora v. Commercial Union Ins. Co., Civ. A. No. 96-6962, 1998 U.S. Dist. LEXIS 2366, at *5 (E.D.Pa. Feb. 26, 1998) (citing, inter alia, Ice City, Inc. v. Ins. Co. of N. Am., 314 A.2d 236, 240-41 (Pa. 1974)). However, "[t]o invoke the appraisal provision of an insurance policy, the insurer must admit liability and there must be a dispute only as to the dollar amount of the loss." Id. at *6 (citing Kester v. State Farm Fire and Cas. Co., 726 F. Supp. 1015, 1017 (E.D.Pa. 1989)); see Ice City, Inc., 314 A.2d at 240 (defining the conditions precedent to appraisal as "the admission of liability but a dispute only as to the dollar value of the loss"); see also Banks v. Allstate Ins. Co., Civ. A. No. 91-6982, 1992 U.S. Dist. LEXIS 7385, at *6 (E.D.Pa. May 7, 1992) (concluding that Pennsylvania law "require[s] that liability be admitted before appraisal can be demanded"); Riley v. Farmers Fire Ins. Co., 735 A.2d 124, 127 (Pa. Super. 1999) ("[A]ppraisal is limited to determining the amount of the loss with all other issues reserved for settlement by either negotiation or litigation . . . .").

        In its January 13, 2010, letter, Defendant denied liability for Plaintiff's business income loss claim and asserted that Plaintiff's claim was not covered by the insurance policy. Under Pennsylvania law, the insurance policy's appraisal clause can

6

only be invoked when the insurer admits liability and the sole issue is a dispute over the valuation of the loss.  Because Defendant does not admit that Plaintiff has suffered a covered loss, the dispute before the Court is one of insurance policy coverage, not loss calculation.  Accordingly, as the insurance policy's appraisal provision has not been triggered, Plaintiff's partial motion for summary judgment to compel Defendant to appoint an appraiser must be denied.

Count I of Plaintiff's Complaint is concerned solely with compelling performance under the appraisal provision.  Having found that appraisal is not the appropriate mechanism to resolve the parties' dispute, we will grant Defendant's cross-motion for partial summary judgment and will dismiss Count I of Plaintiff's Complaint.

IV.  **CONCLUSION**

For the reasons stated above, Plaintiff's Motion for Partial Summary Judgment is denied and Defendant's Motion for Partial Summary Judgment is granted.  Count I of Plaintiff's Complaint will be dismissed.

An appropriate order will follow.